**Snyder Estate**

*Timothy S. Gordon,* for petitioner.
*Gary Wilt* and *Michael Toms,* for alleged incompetent.

WALKER, *P.J.,* May 24, 1993—

### FINDINGS OF FACT

On March 21, 1993, Rickie Duvall petitioned for the appointment of a guardian of the person and estate of Edward R. Snyder, alleging incompetency. By court order dated March 21, 1993, the court set a hearing date for April 20, 1993, and appointed Michael Toms, Esq., as counsel to act on behalf of the alleged incompetent, Edward R. Snyder.

Gary Wilt, Esq., on April 2, 1993, filed an answer to the petition on behalf of Edward R. Snyder. At the hearing on April 20, 1993, Mr. Wilt appeared and claimed to represent the incompetent for the purposes of that hearing.

On or about May 1, 1992, Gary Wilt, Esq., prepared a deed conveying the alleged incompetent's real estate to the alleged incompetent's two brothers for nominal consideration. The question arose whether or not Mr. Wilt would be called as a witness at the competency hearings, and the court asked counsel to brief the following issue:

"Is Mr. Gary Wilt precluded from representing the interest of the alleged incompetent by virtue of the fact that he prepared a deed conveying away the alleged incompetent's real estate interest for nominal consideration and may be called as witness in these proceedings?"

## DISCUSSION

Pennsylvania Rule of Professional Conduct 3.7 provides:

### Lawyer as Witness

"(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

"(1) the testimony relates to an uncontested issue;

"(2) the testimony relates to the nature and value of legal services rendered in the case; or

"(3) disqualification of the lawyer would work substantial hardship on the client.

"(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called

as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9."

After reviewing the pleadings in the case and the psychological assessment attached to petitioner's complaint, the court concludes that the issue of petitioner conveying away his sole interest in real estate for a nominal consideration would appear to be one of the issues that would be included in the incompetency hearing. Therefore, it is likely that the deed conveying the property away will be a contested issue at the incompetency hearing. The circumstances surrounding this transfer of the real estate for nominal consideration would certainly be one of the issues that would have considerable value to the court in determining the need for a guardian.

The testimony very well may relate to the nature and value of the legal services rendered in this case. The court would be interested in hearing testimony of the alleged incompetent's attorney regarding the steps that the attorney took to make sure that his client was not mentally disabled.

It is the court's opinion that the disqualification of Gary Wilt would not work a substantial hardship on the alleged incompetent since the court has already appointed Michael Toms, Esq., as his attorney.

Pennsylvania Rules of Professional Conduct, Rule 1.14(b) provides: "A lawyer may seek the appointment of a guardian or take other protective action with respect to a client, only when the lawyer reasonably believes that the client cannot adequately act in the client's own interest."

If it is determined that the alleged incompetent had substantial property that was sold for nominal consideration, normally a guardian would be appointed as legal representative of the alleged incompetent to protect his interests.

Since it is apparent to the court that Mr. Wilt will be one of the witnesses on the contested issue of com-

petency at the hearing, it is hereby ordered that Mr. Wilt is disqualified from representing the interest of the alleged incompetent at the hearing and that Michael Toms, Esq., shall continue his prior appointment as court-appointed counsel for the alleged incompetent.

## ORDER OF COURT

May 24, 1993, it is hereby ordered that Gary Wilt is disqualified from representing the alleged incompetent, Edward R. Snyder, since he may be called as a witness on a contested issue in the case.

Michael Toms, Esq., shall continue as court-appointed counsel to represent the interest of the alleged incompetent.